**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Cassaday, | No. CV-21-02055-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Body Works Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion to Approve the Settlement Agreement (Doc. 17) of this action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). For the reasons set forth below, the Court grants the parties Motion.

**I.   Background**

On December 6, 2021, Plaintiff filed this suit, alleging Defendants violated the FLSA by failing to pay her overtime and other wages for time worked over forty (40) hours in a workweek. (Doc. 1 at ¶ 56). The parties represent that after arms-length negotiation, they reached a Settlement Agreement to resolve all claims. (Doc. 17 at 2).

In the Settlement Agreement, the parties have agreed to settle Plaintiffs' claims under the following terms: (1) Defendants agree to pay the total sum of $20,000.00 to Plaintiff and her attorneys; (2) Defendants have denied liability or wrongdoing; (3) Plaintiff and Defendants have signed a release of claims. (Doc. 19-1 at 2–5). The allocation of the settlement payments consists of one check to Ms. Cassaday in the amount of $11,416.34,

and one check to Zoldan Law Group, PLLC in the amount of $8,583.65 for payment for attorneys' fees and costs. (*Id.*)

## II. Discussion

"Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (citations omitted). In deciding whether to approve the parties' settlement, courts in the Ninth Circuit follow *Lynn's Foods*. *Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016); *Lopez v. Arizona Pub. Serv. Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010).

If a settlement reflects a "reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The settlements must be fair and reasonable. *Id.* at 1353.

The Court has reviewed Plaintiff's Motion for Settlement Approval and the attached exhibits, including the Settlement Agreement itself. (Docs. 17; 19-1). The Court finds its terms reflect a "fair and reasonable resolution of a bona fide dispute" over FLSA overtime provisions. *See Lynn's*, 679 F.2d at 1355. The Court also finds that the Settlement Amount is fair and equitable given the parties' agreement that the proposed settlement represents a reasonable compromise of the damages. (Doc. 17 at 3). According to the Complaint, Plaintiff alleges that she worked approximately five hours of overtime every week. (Doc. 1 at ¶ 58). Her average hourly rate of pay between the end of 2018 through July 2, 2021, was around $24.50 an hour.[1] (*Id.* at ¶¶ 53–55). Under this timeframe, the parties represent the maximum liquidated damages she would receive if a jury found that Defendants conduct was willful would equal $16,537.50. (Doc. 17 at 3). The Court thus finds the

---

[1] The Court notes Plaintiff's Complaint lists July 2, 2021, as the date Plaintiff ended employment with Defendants (Doc. 1 at ¶ 7), but the Settlement Agreement indicates Defendants "ceased doing business in June 1, 2021." (Doc. 19-1 at 2). Regardless, Plaintiff's average hourly pay remains $24.50 for the time at issue.

$20,000.00 settlement represents a reasonable compromise.  Last, the Court finds that the record supports an award of attorneys' fees and costs in the amount for which Plaintiff seeks approval because of the arms-length negotiation.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Settlement Approval (Doc. 17) is **granted**.

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release of All Claims (Doc. 19-1) is **approved**.

**IT IS FURTHER ORDERED** that payments shall be distributed in accordance with the Settlement Agreement. (Doc. 19-1).

**IT IS FINALLY ORDERED** that the parties shall issue payment under the Settlement Agreement within **ten (10) days** from the date of this Order.  The parties shall file a stipulation for dismissal within **five (5) days** of receipt of the payment.

Dated this 9th day of August, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[2] Plaintiff attached her counsel's billing record as well as Plaintiff's engagement agreement. (Docs. 17-2; 17-4).  The Court finds Plaintiff's counsel's hourly rate of $350.00 to be reasonable.  *See McGlothlin v. ASI Cap. Ventures LLC*, 2021 WL 857367, at *3 (D. Ariz. Mar. 8, 2021) (finding Plaintiff's counsel's hourly rate of $350.00 for an FLSA settlement reasonable).